CHARLES ISELY, JR., EXECUTOR OF THE ESTATE OF CHARLES ISELY, SR. *v.* WILLIAM ARTHUR ISELY AND MORRILTON SECURITY BANK, A CORPORATION

5-5748                                              476 S.W. 2d 233

Opinion delivered February 21, 1972

*Phillip H. Loh,* for appellant.

*Gordon, Gordon & Eddy,* for appellees.

J. FRED JONES, Justice. This is an appeal by Charles Isely, Jr. executor of the estate of his father, Charles Isely, Sr. from a decree of the Conway County Chancery Court finding that the appellee William Arthur Isely is the owner of funds from a bank account in the Morrilton Security Bank.

Mr. and Mrs. Charles Isely, Sr. had a checking account in the Morrilton Security Bank. Mrs. Isely died in 1965. Thereafter Charles Isely, Sr. and two of his children, William Arthur Isely and Syble Isely Long executed a "Joint Account—Payable to Either or Survivor" card, dated January 15, 1966. There was $2,729.65 in the checking account when Charles Isely, Sr. died testate on July 31, 1970. He was survived by seven children including the appellant, Charles Isely, Jr., and the appellee, William Arthur Isely. Charles, Jr. was appointed executor under the will and all the children shared equally in the residue of their father's estate under his will.

Soon after Mr. Isely, Sr. died, William Arthur withdrew $2,000 from the bank account, and on February 4, 1971, Charles, Jr., as executor, brought this action to require William Arthur to pay the $2,000 back into the executor's account so that it could be distributed to the seven beneficiaries named in the residuary clause of their father's will.

The trial court held that under Ark. Stat. Ann. § 67-552 (Repl. 1966) the account was a joint account with right of survivorship, and that William Arthur was therefore entitled to retain the $2,000. There were rights as to other items involved in the litigation and disposed of by the chancellor's decree, but on appeal to this court the executor relies on one point for reversal, stated as follows:

"The decree of the chancery court in holding the bank account of $2,759.65 was a joint account with right of survivorship is contrary to the law and the evidence."

No one questions the genuineness of the signatures on the "Joint Account—Payable to Either or Survivor" card containing the following language:

"We agree and declare that all funds now, or hereafter, deposited in this account are, and shall be, our joint property and owned by us as joint tenants with right of survivorship, and not as tenants in common; and upon the death of either of us any balance in said account shall become the absolute property of the survivor. The entire account or any part thereof may be withdrawn by, or upon the order of, either of us or the survivor.

It is especially agreed that withdrawals of funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees, assigns and personal representatives."

Ark. Stat. Ann. § 67-552 (a) (Repl. 1966) provides as follows:

"If the person opening such account, or purchasing such certificate of deposit, designates in writing to the banking institution that the account or the certificate of deposit is to be held in 'joint tenancy' or in 'joint tenancy with right of survivorship', or that the account or certificate of deposit shall be payable to the survivor or survivors of the persons named in such account or certificate of deposit, then such account or certificate of deposit and all additions thereto shall be the property of such persons as joint tenants with right of survivorship. * * *"

Most of the testimony was directed to the intention of Mr. Isley and the parties concerned when the signature card was executed, but we agree with the chancellor that this case turns on the statute. See *Cook* v. *Bevill*, 246 Ark. 805, 440 S. W. 2d 570 (1969) and *Willey* v. *Murphy*, 247 Ark. 839, 448 S. W. 2d 341 (1969).

The decree is affirmed.